# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00476-FDW-DSC

| | |
|---|---|
| TARIFF GROUP INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CHEER ATHLETICS INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on "Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404," Doc. 8, filed on October 16, 2019 as well as the parties' associated briefs and exhibits. See Docs. 9-10.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court denies Defendant's Motion to Transfer Venue as discussed below.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This case involves a five-year commercial lease agreement entered into by the parties in April 2014. Plaintiff alleges Defendant breached the agreement by failing to pay rent and other charges, failing to construct washroom facilities, abandoning the premises, and terminating the lease prior to the end of the term. Defendant filed counterclaims alleging that its actions were justified as a result of Plaintiff's breach of the agreement. The agreement does not contain a forum

selection clause. Plaintiff is a Canadian corporation existing under the laws of the state of Washington. Defendant is a corporation organized and existing under the laws of the state of Texas. Plaintiff originally filed suit in Mecklenburg County Superior Court and Defendant removed the case to this Court based upon diversity jurisdiction.

Defendant has moved pursuant to 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the Northern District of Texas for the convenience of the parties and witnesses and in the interests of justice. In support of its Motion, Defendant argues that the case involves two foreign corporations who will both have to travel regardless of the venue. Defendant also maintains that its witnesses are all located in Texas.

## II. **DISCUSSION**

Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." The question of transfer under section 1404(a) is committed to the sound discretion of the district court. See Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir.1991).

Under section 1404, the Court must first determine whether the case could have been brought in the transferee district. Venue is proper in a civil action "in the judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Defendant is a corporation organized and existing under the laws of the state of Texas. Therefore, venue would be proper in the Northern District of Texas.

If venue in the transferee court is proper, as it is here, the Court must then consider the following factors in determining whether the matter should be transferred:

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 239 (W.D.N.C. 2008). See also Jim Crockett Promotions Inc. v. Action Media Group Inc., 751 F. Supp. 93 (W.D.N.C. 1990). In this case, Defendant has "the burden of persuasion and must show (1) more than a bare balance of convenience in [its] favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech. Inc., 719 F.Supp. 446, 451 (W.D.N.C. 1989). Courts should make both a quantitative and a qualitative analysis of the factors. McDevitt & Street Co. v. Fidelity and Deposit Co., 737 F.Supp. 351, 354 (W.D.N.C.1990).

### A. Plaintiffs' Choice of Forum

Plaintiff's choice of forum is given considerable weight and, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight Inc., 748 F.2d 916, 921 (4th Cir.1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946)). See Brown v. Flowers, 297 F.Supp.2d 846, 850 (M.D.N.C. 2003) (citing Collins), aff'd, 196 Fed.Appx 178 (4th Cir. 2006).

Here, Plaintiff seeks to litigate this matter in the Western District of North Carolina where the leased premises are located. Defendant carries a particularly heavy burden when it moves pursuant to Section 1404(a) to transfer an action from the district where venue is proper. Borgwarner, Inc. v. Honeywell Intern. Inc., No. 1:07cv184, 2008 WL 394991, at *3 (W.D.N.C.

February 11, 2008). As this Court has previously stated, it is "black letter law," that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed." Phillips v. S. Gumpert Co. Inc., 627 F.Supp. 725, 726-27 (W.D.N.C.1986) (citations omitted). See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

North Carolina is the place where the operative events are alleged to have occurred. The Court finds that the Plaintiffs' choice of forum is entitled to great weight and strongly favors retention.

### B. The Residence of the Parties

Neither party is a North Carolina corporation. Defendant is a Texas corporation so this factor favors transfer of this matter to the Northern District of Texas.

### C. The Relative Ease of Access to Proof

Defendant argues that the evidence in this case is primarily document based along with testimony of representatives from each side. However, the premises, Defendant's alternative space and permanent location are all located in this District. The Court finds that the bulk of the evidence is located in this District. This factor favors retention.

### D. The Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses

Defendant argues that witnesses will primarily be representatives of the parties and it will incur substantial costs if the case proceeds in this District, while Plaintiff will incur travel expenses whether this case proceeds in North Carolina or Texas. Plaintiff argues that almost all potential

witnesses, including employees who worked at the premises, customers, Mecklenburg County Inspectors and City of Charlotte Building officials, are all located in this District. The Court agrees and finds that this factor favors retention of the case in this District.

### E. The Possibility of a View

If a view is required of the leased premises, it would be in this District. This factor favors retention.

### F. The Enforceability of a Judgment If Obtained

This factor is neutral. A judgment obtained in this District or the Northern District of Texas would be enforceable nationwide.

### G. The Relative Advantages and Obstacles to a Fair Trial

This factor is neutral since a fair trial can be achieved in either District.

### H. Other Practical Problems That Make a Trial Easy, Expeditious, and Inexpensive

There appear to be no practical problems other than the factors previously considered that make trial any easier here than in the Northern District of Texas. It appears that some parties and witnesses will have to travel regardless of the forum. This factor is neutral.

### I. The Administrative Difficulties of Court Congestion

According to Defendant, data tables from the Federal court management statistics for June 2019 show that the Northern District of Texas has a higher civil caseload per judgeship than this District. See Doc. 9 at 5. This factor favors retention.

**J. The Interest in having Localized Controversies Settled at Home and the Appropriateness in having the Trial of a Diversity Case in a Forum that is at Home with the State Law that must Govern the Action**

Defendant asserts that this is not a localized controversy since the case involves two foreign corporations. This factor is neutral.

**K. The Avoidance of Unnecessary Problems with Conflict of Laws**

The Court does not anticipate any conflict of law issues. This factor is neutral.

Having considered the factors individually, the Court also considers them cumulatively. Both quantitatively and qualitatively, the factors weigh in favor of retention of this matter in this District. While five factors weigh in favor of retention, including Plaintiff's choice of forum which must be given great weight, only the Defendant's residence in Texas weighs in favor of transferring the case. The Court cannot find that Defendant has met its "particularly heavy burden" to show that transfer is proper here. McDevitt & St. Co. v. Fid. & Deposit Co. of Maryland, 737 F. Supp. 351, 353 (W.D.N.C. 1990). Therefore, the Court concludes that the interests of justice and convenience warrant retaining venue in the forum of Plaintiff's choice. The Court denies Defendant's Motion to Transfer Venue under Section 1404(a).

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. "Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404," Doc. 8, is **DENIED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties and to the Honorable Frank D. Whitney.

**SO ORDERED.**

Signed: December 18, 2019

David S. Cayer
United States Magistrate Judge